# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY, KANSAS

| | |
|---|---|
| KENNETH WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. |
| | ) |
| REYNOLDS & REYNOLDS CATTLE, | ) |
| LLC, and JASON L. BERNHARDT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff, KENNETH WOODS, by his counsel, William L. Barr, Jr. and Bradley A. Pistotnik of Brad Pistotnik Law, P.A. and for his claims against Defendants, REYNOLDS & REYNOLDS CATTLE, LLC (REYNOLDS) and JASON L. BERNHARDT (BERNHARDT), states:

## FACTUAL ALLEGATIONS

1. Plaintiff, KENNETH WOODS, is a resident of the state of Louisiana.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, REYNOLDS & REYNOLDS CATTLE, L.L.C., is a Kansas Limited Liability Corporation that transports livestock as an interstate motor carrier in the United States. It has a USDOT #2937440 and may be served at the office of its registered resident agent, Justin Reynolds, 2321 Eden Road, Abilene, Kansas 67410.

4. Defendant, JASON L. BERNHARDT, resides in Marion, Kansas. He may be served at his residence at 302 S. Roosevelt Street, Marion, Kansas 66861.

5. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of

1

citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6. Prior to and on November 17, 2018 Defendant, REYNOLDS was in the business of buying, selling and transporting livestock in the United States. Its headquarters was located at 2321 Eden Road, Abilene, Kansas 67410.

7. Prior to and on November 17, 2018 Defendant, BERNHARDT, was hired and employed by Defendant, REYNOLDS, to drive its tractor and trailer in order to haul livestock, grain, feed and hay for Defendant, REYNOLDS.

8. On November 17, 2018 Defendant, BERNHARDT, while acting as agent and employee of Defendant, REYNOLDS, was operating its tractor in the right lane while hauling a fully loaded trailer owned by his employer, Defendant, REYNOLDS, northbound on I-35 near mile marker 21 in Wellington, Kansas.

9. On November 17, 2018 Plaintiff, KENNETH WOODS, was proceeding North on I-35 and was at all times herein relevant in the exercise of reasonable care for his own safety.

10. At the above-mentioned time and place Plaintiff, KENNETH WOODS, attempted to pass the tractor trailer owned by Defendant, REYNOLDS and operated by its agent/employee, Defendant, BERNHARDT.

11. At the above-mentioned time and place as Plaintiff, KENNETH WOODS, attempted to pass Defendant's tractor trailer, Defendant, BERNHARDT, suddenly drove the tractor trailer he was operating to the left into the same passing lane and the rear portion of his trailer struck the right front side of Plaintiff's vehicle causing it to leave the roadway injuring Plaintiff.

## **COUNT I – NEGLIGENCE – REYNOLDS**

12. For paragraph 12 of his Complaint Plaintiff re-alleges and incorporates paragraphs 1-11

above, as though fully set forth herein.

13. At the abovementioned time and place and at all times herein relevant, Defendant, REYNOLDS, was negligent both individually and by its employee/agent Defendant, BERNHARDT, whose negligent actions and omissions were those of Defendant, REYNOLDS, under the doctrines of *Respondeat Superior* and Vicarious Liability which upon information and belief, were negligent, careless, and wanton and include:

   A. Inattentive operation of a commercial motor vehicle;

   B. Failure to exercise ordinary and reasonable care;

   C. Failure to yield right-of-way while making a right turn;

   D. Driving into another lane of traffic without checking for other vehicles;

   E. Failure to warn or signal that he was changing lanes;

   F. Operation of a commercial motor vehicle in a wanton manner;

   G. Turning a commercial motor vehicle into a passing lane without first ascertaining that movement can be safely made;

   H. Failing to train its driver regarding proper signaling and passing procedures;

   I. Failing to reprimand its driver;

   J. Failing to retrain the driver shortly after this crash causing injuries;

   K. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399;

   L. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 396.3 by failing to perform an appropriate pre-trip inspection;

   M. For failing to meet the minimum duties and industry standards of care set

       forth under 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while the driver's ability or alertness is impaired;

N.     For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation;

O.     For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.113 by operating a commercial motor vehicle when the driver does not possess and demonstrate the safe driving skills required by this regulation;

P.     For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by operating a commercial motor vehicle when the driver did not have sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers;

Q.     For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110 by operation of a commercial motor vehicle without the knowledge and skills necessary to operate the same safely;

R.     For failing to meet the minimum duties and industry standards set forth under 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR;

S.     For failing to meet the minimum duties and industry standards of care set

       forth under 49 C.F.R § 383.110, 49 C.F.R. § 383.112, 49 C.F.R. 383.113 by failing to have adequate safety management controls in place that would require and provide that the driver had the required skills safety management controls required under this regulation;

14. As a proximate result of the negligent actions and omissions of the Defendant, REYNOLDS, individually and by its employee, agent, independent contractor or servant, Defendant, BERNHARDT, Plaintiff, KENNETH WOODS, suffered serious and permanent injuries to his body including injuries to his head, cervical spine, thoracic spine and lumbar spine, facet arthropathy, nerve tissue damage with numbness; he may also have aggravated pre-existing conditions and was otherwise injured and damaged. He has undergone spinal surgery.  Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT II – NEGLIGENCE – BERNHARDT

15. For paragraph 15 of his Complaint Plaintiff re-alleges and incorporates paragraphs 1-11 above, as though fully set forth herein

15. At the abovementioned time and place and at all times herein relevant, Defendant, BERNHARDT, was negligent in one or more of the following respects. His actions and omissions were negligent, careless, and wanton and include, but are not limited to:

5

A. Inattentive operation of a commercial motor vehicle;

B. Failure to exercise ordinary and reasonable care when changing lanes;

C. Failure to signal;

D. Failure to yield right-of-way to a passing vehicle;

E. Driving into another lane of traffic without checking for other vehicles;

F. Failure to warn or signal that he was changing lanes;

G. Operation of a commercial motor vehicle in a wanton, reckless or careless manner;

H. Turning a commercial motor vehicle into a passing lane without first ascertaining that movement can be safely;

I. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399;

J. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 396.3 by failing to perform an appropriate pre-trip inspection;

K. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while his ability or alertness is impaired;

L. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when not properly qualified pursuant to this regulation;

M. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.113 by operating a commercial motor vehicle

6

without the safe driving skills required by this regulation;

N. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by operating a commercial motor vehicle when he did not have sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers;

O. For failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110 by operation of a commercial motor vehicle without the knowledge and skills necessary to operate the same safely;

P. For failing to meet the minimum duties and industry standards set forth under 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR;

Q. Was otherwise negligent and careless in the operation of a commercial vehicle.

WHEREFORE, Plaintiff, KENNETH WOODS, prays for judgment against Defendants, REYNOLDS & REYNOLDS CATTLE, LLC and JASON L. BERNHARDT, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for his damages, for his costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**
*/s/ Bradley A. Pistotnik*
William L. Barr, Jr., # 26775
Bradley A. Pistotnik, #10626
10111 E. 21st Street, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
bill@bradpistotniklaw.com
brad@bradpistotniklaw.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626

8